<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4549**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JOSE PEREZ MALDONADO,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:09-cr-00125-WO-1)

_____

Submitted: March 14, 2011         Decided: March 31, 2011

_____

Before NIEMEYER, KING, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Bryan Gates, Jr., Winston-Salem, North Carolina, for Appellant. John W. Stone, Jr., Acting United States Attorney, Terri-Lei O'Malley, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Perez Maldonado appeals his 150-month sentence imposed after pleading guilty to one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006), 18 U.S.C. § 2 (2006). We affirm.

Maldonado's guilty plea arose out of his arrest after he was captured trying to dispose of cocaine base in a sink during the execution of a search warrant on the home of a co-defendant. The presentence investigation report ("PSR") issued after the court accepted Maldonado's guilty plea. The PSR indicated that with an offense level of twenty-eight and a criminal history category of III, Maldonado's advisory Guidelines range was 87 to 108 months. However, because Maldonado was subject to a statutory mandatory minimum 120-month sentence, his advisory Guidelines range became 120 months. See 21 U.S.C. § 841(b)(1)(A). Maldonado's offense level reflected a downward adjustment for acceptance of responsibility pursuant to U.S. Sentencing Guidelines Manual § 3E1.1(a) (2009).

After pleading guilty, but before sentencing, Maldonado filed a "Motion to Dismiss for Ineffective Assistance of Counsel." In the motion, Maldonado stated that his attorney had not brought a translator to jailhouse visits, and he was otherwise unable to communicate with his attorney. When examined by the district court regarding these claims, Maldonado

2

admitted that he could communicate with his attorney without a translator, and that his attorney had brought a translator to at least one of their meetings. Maldonado maintained, however, that he never tried to dispose of cocaine base and that he merely sold powder cocaine to another dealer. The court denied Maldonado's motion to dismiss the indictment, denied his motion to withdraw his guilty plea, allowed Maldonado's counsel to withdraw, and appointed substitute counsel.

At sentencing, the district court heard testimony from Detective Sergeant Tim Cameron, who allegedly encountered and chased Maldonado and observed him attempting to dispose of cocaine base, and from Maldonado himself. After hearing the evidence, the court concluded that Maldonado had made false representations to the court both regarding his "motion to dismiss" and during his testimony at sentencing. Accordingly, the court struck the two-level downward adjustment for acceptance of responsibility and imposed a two-level enhancement for obstructing justice. Maldonado's revised offense level was thirty-two, resulting in an advisory Guidelines range of 135 to 168 months. The court imposed a 150-month sentence. Maldonado timely appealed.

On appeal, Maldonado argues that he should have received the two-level adjustment for acceptance of responsibility, and he should not have received a two-level

3

enhancement for obstructing justice. He does not assign error to his Fed R. Crim. P. 11 colloquy or to the district court's decision to deny his motion to the extent he sought dismissal of his indictment or withdrawal of his guilty plea.

An appellate court reviews a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. First, the court must assess whether the district court properly calculated the Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (same). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)), cert. denied, 131 S. Ct. 165 (2010).

We review a district court's decision to deny an adjustment for acceptance of responsibility for clear error. United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007). We "must give 'great deference' to the district court's decision because '[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility.'" Id. (quoting USSG § 3E1.1 comment. (n.5)). "To earn the reduction, a defendant must prove to the court by a preponderance of the evidence 'that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct.'" Id. (quoting United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996)). False denials of relevant conduct can lead to the loss of the adjustment for acceptance of responsibility. USSG § 3E1.1 comment (n.1).

We have reviewed the record, and we conclude that the district court did not err in striking the adjustment for acceptance of responsibility. The court concluded that Maldonado falsely denied relevant offense conduct and attempted to mislead the court to escape the consequences of his guilty plea. Accordingly, we decline to disturb the court's judgment in this regard.

We review for clear error a district court's determination that a defendant obstructed justice. United States v. Hughes, 401 F.3d 540, 560 (4th Cir. 2005). According

5

to USSG § 3C1.1, a defendant's base offense level is to be increased two levels for obstruction of justice if –

> the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction[.]

USSG § 3C1.1. The application notes for § 3C1.1 specifically include perjury by the defendant and providing materially false information to a judge or magistrate. USSG § 3C1.1 cmt. n.4(b), (f). For purposes of § 3C1.1, the Supreme Court has defined perjury as "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993). Under Dunnigan, "it is preferable for a district court to address each element of the perjury in a separate and clear finding[,]" 507 U.S. at 95, but it is sufficient if the district court makes a determination "that encompasses all of the factual predicates for a finding of perjury." Id.

Once again, we have reviewed the record and decline to disturb the district court's judgment. The court made a specific finding that Maldonado offered false testimony at sentencing regarding his offense conduct. Because such a finding is sufficient to warrant a USSG § 3C1.1 enhancement, we

6

conclude the district court did not err in imposing the enhancement.

Maldonado assigns no further error to his sentence, and we accordingly affirm the district court's judgment. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED